Burke, J.
Plaintiff Felsen was employed, pursuant to a written contract, by defendant Sol Cafe as its treasurer, comptroller and general administrator for the period from May 15, 1961 to December 31, 1965. The contract provided for a stated weekly *685 salary with increases at specified times during the term of the contract. It also provided for additional benefits for Felsen and severance pay of $22,500 if the contract were not renewed for an additional term of at least three years. Sol Cafe was in the business of preparing and packaging instant coffee for various sellers, among which was the defendant Chock Full 0 ’Nuts. Plaintiff Felsen was in general charge of Sol Cafe’s manufacturing plant and continued in that capacity after Chock Full O’Nuts purchased the outstanding stock of Sol Cafe sometime in August of 1962. In early January of 1965, at a meeting held in Chock Full O’Nuts’ New York office, a vice-president of Chock Full O’Nuts informed Felsen that his contract was being terminated and that he would be paid through the end of that week.
Felsen thereafter instituted an action against Sol Cafe and against Chock Full O’Nuts asserting a cause of action against the former for breach of contract and against the latter for the alleged malicious inducement of that breach of contract. Sol Cafe’s answer contained a defense of discharge for cause and Chock Full O’Nuts asserted a general denial. A jury returned a verdict for plaintiff against both defendants and the verdict and judgment entered thereon were affirmed by a closely divided Appellate Division panel.
Felsen, on his direct case, proved the contract, its term, the fact of discharge prior to term and his damages as a result of the discharge. He thereby established a prima facie case and the burden fell upon defendant Sol Cafe as to the first cause of action for wrongful discharge, to establish the defense of discharge for cause (Linton v. Unexcelled Fireworks Co., 124 N. Y. 533; Richardson, Evidence [3d ed.], § 110). Defendant attempted to show that various inventory and production reports made at its plant were altered and falsified and submitted to Sol Cafe and Chock Full O’Nuts and that plaintiff knew about these alleged falsifications and alterations but nevertheless failed to report them and was thereby guilty of dereliction in the performance of the duties owing to his employer. The evidence as a whole, however, not only failed to establish that Felsen was aware of the alleged “ falsifications and alterations ’ ’ but there was also a plain jury question as to whether the admitted changes in such reports were, in fact, 1 ‘ falsifications ’ ’ contrived to mislead Sol Cafe or whether they were *686 operationally justified adjustments of figures to reflect the actualities of the manufacturing process, as testified to by employees directly involved in the preparation of the figures. In these circumstances of conflicting evidence both as to the fact of “ falsifications ” and as to Felsens’ awareness of them, if they were false, it cannot be said as a matter of law that the jury could .only have found that the plaintiff was guilty of the failures alleged and that Sol Cafe was, therefore, justified in terminating his contract and discharging him. There is, therefore, no basis upon which to disturb the jury’s verdict on the first cause of action. Sol Cafe’s other contentions with respect to this cause of action have been considered but they are equally unavailing and the order appealed from, insofar as it affirmed the judgment entered on the jury’s verdict on the first cause of action, should be affirmed.
Plaintiff’s second cause of action was asserted against Chock Full 0 ’Nuts and was grounded on the theory of malicious inducement of a breach of contract. Plaintiff alleged in his complaint that Chock Full 0 ’Nuts ‘ ‘ wrongfully, knowingly, intentionally, maliciously and without reasonable justification or excuse induced, persuaded and enticed the said Sol Cafe Mfg. Corp. to * * * break [its1] contract with the plaintiff ”. The court charged the jury, without exception, that plaintiff’s unrebutted evidence had established three of the four elements of his cause of action and the only remaining question was whether Chock Full 0 ’Nuts had intentionally interfered with plaintiff’s contract with Sol Cafe without just cause or excuse. The jury returned a verdict against both defendants and necessarily, by that verdict, found that Chock Full 0 ’Nuts had intentionally interfered without such just cause or excuse. Chock Full 0 ’Nuts contends that plaintiff had failed to establish a prima facie case since Chock Full 0 ’Nuts, as the sole stockholder of Sol Cafe, had an existing economic interest to protect and was, therefore, privileged to interfere with the contract between plaintiff and Sol Cafe and plaintiff could not, therefore, recover on this cause of action unless he established that the means chosen to protect that interest were illegal or that Chock Full 0 ’Nuts, through its officers or agents, was motivated by malice toward the plaintiff rather than by the preservation of its own economic interest in Sol Cafe.
*687 While authority in support of that position is sparse, it is nonetheless persuasive. In Morrison v. Frank (81 N. Y. S. 2d 743), the court held that a person who has a financial interest, as a stockholder, in the business of another is privileged to interfere with a contract which that other person or business had with a third person if his purpose is to protect his own interest and if he does not employ improper means. That case represents one of the few instances in which a court has precisely identified a particular ‘ ‘ interest ’ ’, the protection of which may provide the basis for the “ just cause or excuse ” (Reiner v. North Amer. Newspaper Alliance, 259 N. Y. 250, 254; Campbell v. Gates, 236 N. Y. 457, 459; Lamb v. Cheney & Son, 227 N. Y. 418, 422; Posner Co. v. Jackson, 223 N. Y. 325, 330) in the face of which plaintiff’s cause of action for malicious inducement of a breach of contract will fail. Stated more generally, ‘1 Procuring the breach of a contract in the exercise of equal or superior right is acting with just cause or excuse and is justification for what would otherwise be an actionable wrong.” (Knapp v. Penfield, 143 Misc. 132, 134-135.) Thus, Chock Full O’Nuts, as the sole stockholder of Sol Cafe, had an existing economic interest in the affairs of Sol Cafe which it was privileged to attempt to protect when it “interfered” with plaintiff’s contract of employment with Sol Cafe. Plaintiff could show no evidence thaj? such interference was motivated by any “ malice ” toward him; rather, the evidence tended to indicate that the officers of Chock Full O’Nuts were reasonably concerned with the internal management of the Sol Cafe manufacturing plant, for which plaintiff had general responsibility, and that this concern led them to recommend plaintiff’s discharge. (Matter of Farrell Pub. Corp., 165 F. Supp. 40, 45, affd. sub nom. Hendler v. Cuneo Eastern Press, 279 F. 2d 181 [2d Cir.].) Similarly, plaintiff could not establish that Chock Full O’Nuts employed “illegal” means to protect its interest in Sol Cafe. In these circumstances, it is clear that plaintiff did not establish a prima facie case of malicious inducement of a breach of contract and Chock Full O’Nuts’ motion to dismiss that cause of action should have been granted. The order appealed from should, therefore, be modified by dismissing the second cause of action against Chock Full O’Nuts.
*688 Chief Judge Fuld and Judges Scileppi, Bergan, Breitel and Jasen concur; Judge Keating taking no part.
Order modified in accordance with the opinion herein, and, as so modified, affirmed, with costs to appellant Chock Full O’Nuts Corporation.