■ VICTOR WEGARD et al., Appellants, v RCA CORPORATION, Respondent.—In an action, *inter alia,* to recover damages for tortious interference with a contract, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, entered January 23, 1979, as granted summary judgment in favor of defendant with respect to plaintiffs' first two causes of action. Order affirmed insofar as appealed from, with $50 costs and disbursements. Summary judgment in favor of respondent was properly granted with respect to appellants' cause of action for tortious interference with contract. To succeed on this cause of action, appellants would have to show, *inter alia,* that respondent knew of the existence of appellants' contract. (See, e.g., *Israel v Wood Dolson Co.,* 1 NY2d 116, 120.) Appellants' affidavits failed to show that they could produce admissible evidence of such knowledge on the part of respondent. The grant of summary judgment in favor of respondent with respect to this cause was also justified in light of respondent's prior contract with the employee. " 'Procuring the breach of a contract in the exercise of equal or superior right is acting with just cause or excuse and is justification for what would otherwise be an actionable wrong' " *(Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682, 687, quoting from *Knapp v Penfield,* 143 Misc 132, 134-135). Appellants' second cause of action was based on respondent's alleged possession of patents which rightfully belonged to appellants. Appellants presented no evidence of such possession. Indeed, their affidavits failed to even advert to the patent issue. Accordingly, summary judgment was also properly granted with respect to this cause of action. Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.