HANZEL CONSTRUCTION, INC., *et al.*, Plaintiffs-Appellees, v. WEHDE & SOUTHWICK, INC., *et al.*, Defendants (William Spann, Defendant-Appellant).

Second District   No. 83—1117

Opinion filed January 25, 1985.

Neil F. Hartigan, Attorney General, of Springfield (William G. Sullivan and Rosalyn B. Kaplan, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Norman H. Lehrer, of Lehrer & Flaherty, of Wheaton, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, William Spann, appeals from a judgment for $23,601.25 entered in favor of plaintiffs, Dennis Hanzel and Hanzel Construction, Inc., in an action for tortious interference with a contract and for alleged violation of plaintiffs' civil rights under 42 U.S.C. sec. 1983 (1982).

As to the tort action, defendant contends he was immune from liability as a public official; that he had a conditional privilege and justifiably interfered with plaintiffs' contract; and that plaintiffs' claim was barred by the doctrine of sovereign immunity. Defendant contends he was also immune from liability in the civil rights action under Federal law and, in any event, his conduct did not violate plaintiff's right to due process. He further argues that plaintiffs failed to prove the damages recovered in the judgment.

This case arose after a contract was entered in 1982 between the Forest Preserve District of Du Page County and defendant-general contractor Wehde & Southwick, Inc., for building construction. The contract provided, *inter alia*:

> "In compliance with the provisions of Chapter 48, secs. 39s—1, et seq., Illinois Revised Statutes, 1979, the Contractor, and each subcontractor shall pay all laborers, workers and mechanics performing work pursuant to this Contract not less than the prevailing rate of wages as has been ascertained by the Illinois Department of Labor."

The general contractor then entered into a subcontract with plaintiffs for carpentry work on the project which incorporated in its terms the master agreement between the owner and general contractor, including the requirement for compliance with the prevailing wage act (Ill. Rev. Stat. 1979, ch. 48, par. 39s—1 *et seq.*).

Plaintiffs commenced work in October 1982 and completed it in January 1983. Dennis Hanzel testified he had borrowed $20,000 to purchase materials and pay his employees for the job. When the general contractor, Wehde & Southwick, Inc., failed to make the final payment of $2,700 due under the subcontract in February 1983, the loan had to be extended, costing a "couple hundred dollars" in additional interest. Hanzel testified the general contractor told him it was withholding the contract payment at the request of the State until a prevailing wage investigation was completed. Hanzel also testified that he did not make the anticipated $1,500 profit on the project and, if he had believed it necessary to pay prevailing wages to his employees, his contract bid would have been higher.

Walter Carey is the chief labor conciliator for defendant Illinois

Department of Labor and head of its Division of Conciliation and Mediation. Defendant William Spann is employed as a conciliator by the division, and his duties include investigation of disputes arising under the prevailing wage act. In November 1982, Carey assigned Spann to investigate a complaint of a wage violation on the project upon which plaintiffs were engaged. On February 3, 1983, Spann advised plaintiffs by letter that he was conducting a prevailing wage investigation of Hanzel Construction and requested payroll information regarding plaintiffs' employees on the forest preserve project. Plaintiffs responded by furnishing copies of their payroll records on February 17, and on that same day defendant Spann wrote to the general contractor, Wehde & Southwick, Inc., advising it of the investigation of Hanzel Construction, Inc., and stating therein, "I am requesting that your company withhold any funds due to Hanzel Construction until I have completed my investigation of their payroll records for this project."

On March 1, Spann completed his investigation, determining that Hanzel Construction owed two of its employees a total of $1,785.02 to bring their wages up to the prevailing rate. In a letter to plaintiffs on that date, Spann advised them of his findings that they were in violation of their obligation to pay prevailing wages on the project and requested that plaintiffs make out checks for the deficiencies to those employees and send them to the Department of Labor for forwarding. On March 22 and March 23, Spann also directed letters to the general contractor's attorney advising of the results of his investigation of plaintiffs and stating:

> "Inasmuch as it is the duty of the general contractor to insure that all subcontractors working for them shall conform to these requirements, the Department of Labor is requesting that you hold up any monies due the above named contractor until this violation of the contract is corrected."

Plaintiffs did not remit the requested checks for the balance due its employees, and the general contractor did not pay over to plaintiffs the $2,700 balance on their contract prior to the initiation of this litigation. Before trial, the defendant general contractor was dismissed with prejudice after deposit of $2,753 in trust until the further order of the court, and the Department of Labor was dismissed as a defendant by agreement of the parties.

After a bench trial, judgment was entered in favor of plaintiffs under count II of the complaint (tortious interference with contract) and count III (Federal civil rights violation) in the sum of $15,000 against defendant Spann. The trial court found that defendant's intentional and unjustified actions had caused the general contractor to

breach its contract with plaintiffs and that defendant's conduct had also deprived plaintiffs of their property interest in the contract without due process of law in violation of 42 U.S.C. sec. 1983. Attorney fees of $8,601.25 were also awarded to plaintiffs under count III.

We note initially that it is the declared policy of this State that a wage of no less than the general prevailing hourly rate paid for work of a similar character in the locality be paid to laborers and workers employed by contractors who are engaged in public works. (*Hayen v. County of Ogle* (1984), 101 Ill. 2d 413, 416, 463 N.E.2d 124; Ill. Rev. Stat. 1981, ch. 48, pars. 39s—1, 39s—3.) A public body awarding a contract is required to insert a provision to that effect in its contracts (Ill. Rev. Stat. 1981, ch. 48, par. 39s—4), as the Forest Preserve District did in this case, which provision was also incorporated in the subcontract awarded to plaintiffs. The prevailing wage act mandates, too, that the Department of Labor "inquire diligently as to any violations" of the act and enforce its provisions. (Ill. Rev. Stat. 1981, ch. 48, par. 39s—6.) It is in the context of a Department of Labor investigation and enforcement of the terms of the prevailing wage act that this action arose and in which the rights of plaintiffs and defendant must be considered.

I

### Tortious Interference With Contract

Defendant contends first he is immune from liability for his described conduct under the doctrine of public officials' immunity. That doctrine provides that State officials and employees are protected from personal liability for actions taken in the exercise of their official discretion. (*Mora v. State* (1977), 68 Ill. 2d 223, 234, 369 N.E.2d 868; *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 1000, 372 N.E.2d 1131.) To be protected, the actions taken must be within the scope of the official's authority and not as a result of malicious motives. (*Hicks v. Williams* (1982), 104 Ill. App. 3d 172, 177, 432 N.E.2d 1278, *appeal denied* (1982), 91 Ill. 2d 569.) The doctrine is based upon the policy that public officials should be free to exercise their judgment according to their best perception of public needs. *Kelly v. Ogilvie* (1965), 64 Ill. App. 2d 144, 147, 212 N.E.2d 279.

While some cases applying the doctrine distinguish between an official's actions which are discretionary and those which are only ministerial, and thus not protected, it appears that the better distinction is whether or not the conduct in issue was governmental in character; if so, the immunity doctrine will apply. (*Madden v. Kuehn* (1978), 56 Ill.

App. 3d 997, 1002, 372 N.E.2d 1131.) In *Hicks v. Williams* (1982), 104 Ill. App. 3d 172, 177, 432 N.E.2d 1278, *appeal denied* (1982), 91 Ill. 2d 569, the court held that the duty to license and inspect grain elevators, as authorized by statute, was governmental in character and thus within the doctrine. Conversely, in *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 1002, 372 N.E.2d 1131, the court determined that negligent treatment of an inmate by a doctor employed by the Department of Corrections was not conduct protected by the doctrine, as a doctor's duty of care is the same whether he is a governmental employee or private practitioner.

Plaintiffs recognize there are circumstances wherein governmental employees are not personally liable for their actions, but argue that defendant Spann here acted outside of his lawful authority. Plaintiffs rely substantially on their exhibit No. 10, a document entitled "Procedures and Guidelines For Investigation and Enforcement of the Illinois Prevailing Wage Act." Defendant Spann had testified that he generally followed the procedures contained therein, but that he had omitted certain of the investigative steps noted, *i.e.*, Spann had not interviewed the person who had filed the complaint alleging the Act was being violated and he had not visited the construction site to talk to the employees.

Defendant's supervisor, William Carey, testified, however, that Spann's actions in investigating and acting upon the complaint were proper and were consistent with the Department's procedures. Carey had reviewed the letters Spann sent to plaintiffs and the general contractor and its attorneys and testified they did not violate departmental policy or were unusual in such matters. As to exhibit No. 10, Carey described it as a rough draft of proposed investigative procedures which he had circulated to all conciliators for comment; it had never been adopted by the Department and did not represent official policy. Carey testified that the Department had no formal policies or procedures in such investigations, other than the prevailing wage act itself, which charged it to "enforce generally" the Act. He considered that a request to a general contractor to withhold payment to suspected violators of the Act pending an investigation was an acceptable departmental procedure.

The prevailing wage act requires the Department of Labor to inquire diligently into violations and to enforce the terms of the Act. Defendant Spann was an employee of the Department whose duties as a conciliator included such investigations and he was assigned by his supervisor to do so in this case. Spann's action in advising the general contractor that plaintiffs were being investigated for viola-

tions and that payments to plaintiffs should be withheld was not more than a request and, while it was followed, the general contractor was not required to do so.

Defendant Spann was clearly acting within the scope of his employment by the Department of Labor in carrying out his duty under the statute. Whenever a statute sets forth its requirements in general terms, officials charged with enforcement are vested with a reasonable discretion in doing so. (*Zehender & Factor, Inc. v. Murphy* (1944), 386 Ill. 258, 267, 53 N.E.2d 944.) We do not consider Spann exceeded that discretion in this matter, and, as his actions were governmental in character, the immunity doctrine protects him from liability in this case.

While the judgment must be reversed on the grounds we have discussed, there is a second basis which also requires reversal.

■■ To prevail in an action for tortious interference with a contract a plaintiff must prove: (1) the existence of a valid contract between himself and another; (2) that defendant was aware of the contract; (3) that defendant intentionally and unjustifiably induced a breach by the other contracting party which was caused by defendant's wrongful conduct; and (4) damages. *Schott v. Glover* (1982), 109 Ill. App. 3d 230, 234, 440 N.E.2d 376; *Mitchell v. Weiger* (1980), 87 Ill. App. 3d 302, 304, 409 N.E.2d 38, *appeal denied* (1980), 81 Ill. 2d 602.

Defendant Spann argues that the investigative procedures undertaken by him were privileged and thus may not be considered to be an unjustified and tortious interference with plaintiff's contract.

A person is privileged to cause a breach of another's contract if his acts in doing so were lawful and were not unreasonable under the circumstances, and if he acts to preserve a conflicting interest which the law deems to be of equal or greater value than the contractual rights at issue. (*Schott v. Glover* (1982), 109 Ill. App. 3d 230, 234, 440 N.E.2d 376; *Connaughton v. Gertz* (1981), 94 Ill. App. 3d 265, 269-70, 418 N.E.2d 858.) The privilege is conditional, however, and provides no protection if a defendant acted with malice. To demonstrate malice, more than ill-will must be shown, and the evidence must establish defendant acted with a desire to harm which was unrelated to the interest he was presumably seeking to protect by bringing about the contract breach. *Arlington Heights National Bank v. Arlington Heights Federal Savings & Loan Association* (1967), 37 Ill. 2d 546, 551, 229 N.E.2d 514.

Plaintiffs' remaining interest under the contract with Wehde & Southwick, Inc., was receipt of the $2,700 final payment due on completion of the work. Defendant Spann, in carrying out his duties un-

der the prevailing wage act, advised those contracting parties that the Department of Labor was investigating a complaint that plaintiffs had violated the Act; Spann requested, but did not purport to order, that the payment be temporarily withheld. There is no suggestion made that Spann acted with malice or any motive other than to secure compliance with the Act. He also acted pursuant to procedures considered proper by the Department of Labor in such matters. As earlier noted, the general contractor was not obliged to comply with Spann's request, but after consulting with its attorney chose to do so.

■ We conclude that while defendant's actions did result in an interference with plaintiffs' contract, they were not unlawful and were a reasonable means in these circumstances to seek compliance with the prevailing wage act. As such, a conditional privilege existed permitting Spann to so act in an effort to preserve and enforce the public policy expressed in the Act and justified his conduct. See *Audition Division, Ltd. v. Better Business Bureau* (1983), 120 Ill. App. 3d 254, 458 N.E.2d 115; *American Pet Motels, Inc. v. Chicago Veterinary Medical Association* (1982), 106 Ill. App. 3d 626, 435 N.E.2d 1297, *appeal denied* (1982), 91 Ill. 2d 566; *Middlesex Concrete Products & Excavating Corp. v. Carteret Industrial Association* (1962), 37 N.J. 507, 517, 181 A.2d 774, 780.

In view of our resolution of these issues we need not consider defendant's contention that this action was also barred by the doctrine of sovereign immunity.

## II

### FEDERAL CIVIL RIGHTS CLAIM

42 U.S.C. sec. 1983 (1982) provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ The trial court found that defendant Spann caused the general contractor to withhold payment on the contract, thus depriving plaintiffs of their property without due process of law, for which they could recover damages under section 1983.

Defendant contends he was immune from liability for damages un-

der *Harlow v. Fitzgerald* (1982), 457 U.S. 800, 73 L. Ed. 2d 396, 102 S. Ct. 2727. Plaintiffs respond that the immunity doctrine therein stated does not here apply because defendant violated Department of Labor policy as set forth in exhibit No. 10, to which we have referred, and defendant cannot thus be said to have acted in "good faith."

In *Harlow v. Fitzgerald* the court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (457 U.S. 800, 818, 73 L. Ed. 2d 396, 410, 102 S. Ct. 2727, 2738.) Although the rule in *Harlow* was not announced in the context of a section 1983 action, the court specifically noted its application to such claims. (457 U.S. 800, 818 n.30, 73 L. Ed. 2d 396, 410 n.30, 102 S. Ct. 2727, 2738-39 n.30.) The "good faith" test urged by plaintiffs was rejected in *Harlow*, which determined that a right to a qualified immunity is to be determined through an objective test of the reasonableness of an official's conduct measured by reference to clearly established law. 457 U.S. 800, 815, 817-18, 73 L. Ed. 2d 396, 408-09, 102 S. Ct. 2727, 2737.

We have heretofore determined that defendant's conduct in requesting the contract payment be withheld was privileged and was not tortious under State law. Nor did defendant's request actually cause the general contractor to withhold the funds; defendant neither seized the funds nor ordered them to be withheld under threat of adverse consequences for failure to do so. There is no support in the record, nor did the trial court find, that defendant Spann either knew or should have known that his conduct of this investigation was unlawful or contrary to State policy in any respect. He followed customary procedures of long and unchallenged standing in the Department of Labor and did nothing to require that the general contractor withhold the funds. On the contrary, Spann testified that if he was unable to secure voluntary compliance with his requests the file would be closed and the matter referred to his supervisors for a decision as to other action.

Essentially, defendant Spann's conduct demonstrates only the reasonable efforts of the Department of Labor to enforce the terms of the prevailing wage act as it is there directed to do. By these procedures Spann sought to ascertain whether violations had occurred and to request compliance and the withholding of funds which may be due to workers on public works projects. There are neither statutory nor constitutional prohibitions of the procedures here followed, and defendant is entitled to be shielded from liability for his conduct.

## III

### DAMAGES

■ As we have determined the judgment must be reversed on the several grounds discussed, we need not consider the arguments relating to damages. Plaintiffs' motion to strike portions of defendant's reply brief relating to damages, which was taken with the case, will be denied.

Accordingly, the judgment of the circuit court will be reversed.

Reversed.

HOPF and STROUSE, JJ., concur.