THERESA KIEVMAN, Plaintiff-Appellant v. EDWARD HOSPITAL *et al.*, Defendants-Appellees.

Second District   No. 84—944

Opinion filed July 18, 1985.—Rehearing denied August 28, 1985.

Michael J. Radtke, of Goldberg & Goldberg, of Chicago, for appellant.

Craig J. Cobine and Kathleen C. West, both of Hennessy, Dommermuth, Brestal, Cobine, Roth & West, of Naperville, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, Theresa Kievman, appeals from an order dismissing her complaint against defendant, Edward Hospital, in which plaintiff sought recovery of damages arising out of alleged injuries sustained while undergoing treatment in the hospital. The trial court dismissed plaintiff's complaint on motion of defendant brought pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619), which alleged defendant was a local public entity and plaintiff had failed to give the hospital notice of the injury as required by section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85,

par. 8—102). Plaintiff contends (1) defendant is estopped from relying upon failure of plaintiff to give the notice, as defendant concealed its status as a local public entity from plaintiff and the public, and (2) defendant's establishment of a self-insurance fund acted as a waiver of its right to notice.

An earlier appeal in this case was dismissed by this court for not being from a final order (*Kievman v. Edward Hospital* (1984), 122 Ill. App. 3d 187, 460 N.E.2d 901); that deficiency has been corrected, and we consider the merits of the appeal.

In her complaint filed on July 26, 1982, plaintiff alleged that on or about July 12, 1981, she became aware she had been injured by acts of negligence by defendant occurring in August 1978. Prior to filing her complaint, plaintiff did not give to defendant hospital the notice of injury required by section 8—102 of the Tort Immunity Act. It is also uncontroverted that defendant, Edward Hospital, was at all times noted herein owned and operated by Edward Hospital District, a municipal corporation, which had been organized pursuant to the Hospital District Law (Ill. Rev. Stat. 1981, ch. 23, par. 1251 *et seq.*).

Section 8—102 of the Tort Immunity Act provides:

"Within 1 year from the date that the injury or cause of action, referred to in Sections 8—101, 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve, either by personal service or by registered or certified mail, return receipt requested, a written notice on the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any." (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.)

Section 8—103 of the Act provides further that if notice is not given to a local public entity within one year as prescribed by section 8—

102, the cause of action is barred. Ill. Rev. Stat. 1981, ch. 85, par. 8—103.

In response to defendant's motion to dismiss, plaintiff established through defendant's admission of facts that defendant's status as a municipal corporation did not appear on the letterhead of its stationery, on any bill sent to plaintiff for her care and treatment in the hospital or anywhere else in the records kept by the hospital relating to plaintiff's care. In addition, photographs of the exterior of the hospital and of signs posted to guide the public describe it only as Edward Hospital and do not suggest any connection to a municipal corporation. In its letter of opinion, the trial court made findings that "at the time of the occurrence and continuing to this date that the hospital has functioned under the name of 'Edwards Hospital' and nothing in its advertised name, billings or building would indicate to anyone that the hospital was in fact a governmental entity." The trial court also noted that in another case which had been before it entitled Sereque v. Edwards, 82 L 140, the same issue was presented. The court concluded in this case, however, that failure of defendant to show any reference to its governmental status was not a waiver of its right to notice pursuant to the Tort Immunity Act and granted defendant's motion to dismiss.

█▌ █ Plaintiff argues on appeal that defendant is estopped from relying on plaintiff's failure to give the statutory notice as it had concealed its status as a municipal corporation from plaintiff and the public. Defendant asserts it had no legal duty to actively advise the public it is a municipal corporation and it was plaintiff's lack of diligence in determining defendant's status which caused the notice oversight. Defendant argues that as no positive acts on its part induced plaintiff's conduct, defendant should not be estopped from invoking the notice defense of the Tort Immunity Act.

The Tort Immunity Act is in derogation of the common law and must be strictly construed against a public entity. (*Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 362, 472 N.E.2d 421; *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342, 270 N.E.2d 415.) The notice requirement of section 8—102 which we consider here is not a condition precedent to the right to bring suit, but is a limitation provision which can be waived by a governmental entity. (*Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 362, 472 N.E.2d 421; *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 235, 356 N.E.2d 89.) It is also well established that the doctrine of equitable estoppel can be asserted against a municipality. (*Budka v. Board of Public Safety Commissioners* (1983), 120 Ill. App. 3d 348, 353, 458 N.E.2d 126, *appeal de-*

*nied* (1984), 99 Ill. 2d 527; *Eertmoed v. City of Pekin* (1980), 83 Ill. App. 3d 362, 364, 404 N.E.2d 942, *appeal denied* (1980), 81 Ill. 2d 591.) As this court noted in *Stahelin v. Board of Education* (1967), 87 Ill. App. 2d 28, 230 N.E.2d 465, "[i]f under all of the circumstances, the affirmative acts of the public body have created a situation where it would be inequitable and unjust to permit it to deny what it has done or permitted to be done, the doctrine of estoppel may be applied against it." 87 Ill. App. 2d 28, 39.

A municipal corporation must exercise its rights and powers, as must a private corporation, in such a manner as not to subject others to injury; there is a policy that injustice should not result from technical defenses based upon governmental character. (*Baran v. City of Chicago Heights* (1969), 43 Ill. 2d 177, 181, 251 N.E.2d 227; see *Gravander v. City of Chicago* (1948), 399 Ill. 381, 78 N.E.2d 304.) In proper circumstances, a local public entity may be estopped from asserting the requirement that notice of a claim must be filed within the specified period. (*Dunbar v. Reiser* (1975), 26 Ill. App. 3d 708, 711, 325 N.E.2d 440, *aff'd* (1976), 64 Ill. 2d 230, 356 N.E.2d 89; see *Stephens v. McBride* (1982), 105 Ill. App. 3d 880, 435 N.E.2d 162, *aff'd* (1983), 97 Ill. 2d 515, 455 N.E.2d 54.) Estoppel requires words or conduct which either misrepresent or conceal material facts with the intent or expectation it will be relied upon. (*Stewart v. O'Bryan* (1977), 50 Ill. App. 3d 108, 110-11, 365 N.E.2d 1019, *appeal denied* (1977), 66 Ill. 2d 642.) Fraudulent intent is not necessary; it is sufficient if an injustice results. *Northern Trust Co. v. Oxford Speaker Co.* (1982), 109 Ill. App. 3d 433, 439, 440 N.E.2d 968, *appeal denied* (1983), 92 Ill. 2d 575; *Gary-Wheaton Bank v. Burt* (1982), 104 Ill. App. 3d 767, 777, 433 N.E.2d 315.

We must then determine whether the conduct of the board of directors of Edward Hospital District in omitting all public reference to the status of its hospital as a municipal corporation is sufficient to estop defendant from asserting the notice defense under the Tort Immunity Act. In doing so, it is noted that defendant was aware its identification policy has previously caused confusion on the part of parties seeking to bring an action against it; the trial court commented this defendant had raised the same issue before it in another case. Presumably, the court also ruled in defendant's favor on that occasion.

■■ ■ The primary purpose of the Tort Immunity Act is to encourage early investigation into claims against a governmental body, correct defective conditions, budget liability and settle claims to avoid costly litigation where that should have been done. (*Rio v. Ed-*

*ward Hospital* (1984), 104 Ill. 2d 354, 364, 472 N.E.2d 421; *Stephens v. McBride* (1983), 97 Ill. 2d 515, 524, 455 N.E.2d 54.) That purpose would be made more difficult if there is public confusion as to defendant's status brought about by its failure to forthrightly acknowledge it is a municipal corporation. As earlier noted, even the billings to plaintiff and the records of her hospitalization failed to indicate that status. A business corporation's name is required to contain some designation which discloses its corporate status (Ill. Rev. Stat. 1981, ch. 32, par. 157.9); if it acts by a wrong name it will not be permitted to benefit thereby nor be allowed to use its name in a manner which results in fraud or deception. *Pilsen Brewing Co. v. Wallace* (1919), 291 Ill. 59, 62, 125 N.E. 714; *Goodman v. Motor Products Corp.* (1956), 9 Ill. App. 2d 57, 82, 132 N.E.2d 356.

We conclude in this case that there appears to be a policy on the part of defendant, a local public entity, to avoid recognition as a municipal body entitled to notice under the Tort Immunity Act, to its advantage, and it will be estopped from asserting that defense in this case.

Defendant has also argued that the pleadings are insufficient to raise the issue of estoppel. We find, however, the question is properly before us for review. See *Lincolnland Properties, Inc. v. Butterworth Apartments, Inc.* (1978), 65 Ill. App. 3d 907, 912, 382 N.E.2d 1250, *appeal denied* (1979), 74 Ill. 2d 586; *Stewart v. O'Bryan* (1977), 50 Ill. App. 3d 108, 109, 365 N.E.2d 1019, *appeal denied* (1977), 92 Ill. 2d 575.

As the issue discussed is depositive, we need not consider other arguments of the parties.

Accordingly, the judgment of the circuit court will be reversed and the cause remanded for further proceedings.

Reversed and remanded.

LINDBERG and SCHNAKE, JJ., concur.