DERRICK BUNCH, Plaintiff-Appellant, v. DERRICK WILLIAMS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 87—1444

Opinion filed October 7, 1988.

Sheldon Hodes, of Chicago (Leonard D. Litwin, of counsel), for appellant.

Modesto, Reynolds & McDermott, of Chicago (Gregory G. Lawton, of counsel), for appellee Lisa R. Iverson.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiff Derrick Bunch from a trial court's order granting summary judgment in favor of one of the defendants, Lisa R. Iverson. The cause of action arose out of personal injuries allegedly sustained by plaintiff in a multivehicle accident involving all of the parties. The record reveals the following facts.

On November 20, 1984, plaintiff and defendant Iverson were involved in a multivehicle accident in Dolton, Illinois. Plaintiff had stopped his car behind defendant Arlene Kranc's vehicle, which had been involved in an accident with two semitrailer trucks. Plaintiff's car was then hit by a car allegedly driven by Iverson and was pushed into Kranc's vehicle. Thereafter, plaintiff filed a personal injury suit against all of the drivers and owners of the automobiles involved in the accident. Iverson denied being involved in the accident and filed a motion for summary judgment. Attached to her motion was her affidavit asserting that she had lost her wallet containing her Wisconsin driver's license sometime in early 1984 and that she was not in Illinois on the accident date nor was she involved either as an owner or driver in the accident. After a hearing on Iverson's motion, the trial court granted summary judgment.

On appeal, plaintiff contends that there was a material fact issue regarding the identity of the driver whose vehicle struck his, and thus, entry of summary judgment was precluded. We agree and must reverse for the following reasons.

In January 1985, Iverson answered plaintiff's complaint, denying that she had driven negligently and asserting the affirmative defense that plaintiff was contributorily negligent. In August 1985, an interrogatory query asked Iverson to state the name of all persons who were present at the accident scene, to which she responded "Illinois State Police Officer No. 2529." She also answered "No" when asked whether she owned a vehicle involved in the accident and stated that she was insured for the incident under a policy issued to Isabel T. Iverson. Later that month, Iverson answered supplemental interrogatories by stating that she had lost her driver's license, probably in early 1984, and reported the loss to the Lancaster police. She further stated that she owned no automobile on the date of the accident.

In response to Iverson's affidavit, plaintiff introduced the following items. The deposition of Illinois State Police Sergeant Wayne Winterberg was taken in which the officer stated that he investigated the accident. Sergeant Winterberg's deposition was taken more than two years after the occurrence. After looking at his accident report to refresh his memory, he indicated that Lisa Iverson was involved as a

driver in the accident. He testified that he followed a routine procedure in investigating the circumstances. He then proceeded to outline the standard routine, including visually checking the drivers' licenses and putting their numbers on the police radio to ensure that they are valid, not stolen, etc. Sergeant Winterberg specifically stated that he ran a check on Iverson's Wisconsin license and there was no indication that it was lost or stolen. He also said that it is his procedure to match a person's appearance to the photograph on the driver's license. The officer related that at the time he had no reason to believe that the woman who produced Iverson's license was not Iverson. Both Sergeant Winterberg and defendant Arlene Kranc stated that the car driver was a young white woman in her early 20's with blond hair, which description matched the information and picture on Iverson's driver's license.

Defendant Arlene Kranc's deposition reveals that while she and "Iverson" rode in the same ambulance after the accident, Kranc heard the blond woman tell the ambulance driver that her name was Lisa Iverson and she lived in Wisconsin. Iverson, in this appeal, objects to this testimony as hearsay but did not raise it in the trial court.

Plaintiff also submitted an additional response containing uncertified records from the Wisconsin Secretary of State's office showing that Iverson did not replace her license until December 7, 1984, 17 days after the accident and after she had received an attorney's lien from plaintiff's counsel. Iverson moved to strike the material on the grounds that it was outside the briefing schedule and was hearsay. The court never ruled on the motion to strike, but stated that certified copies would not change its decision in granting summary judgment for Iverson. In so doing the court noted that "it's one of those situations where the evidence so overwhelmingly favors the defendant in the case a contrary verdict couldn't stand."

Summary judgments are encouraged in our modern judicial system as an aid to the expeditious disposition of lawsuits. (*Allen v. Meyer* (1958), 14 Ill. 2d 284, 152 N.E.2d 576.) Yet, Illinois has rather rigid rules as to when summary judgment should be granted. Summary judgment is a proceeding used to determine whether a material issue of fact exists, not to try such an issue. (*Cunningham v. Addressograph Multigraph Corp.-Bruning Division* (1980), 87 Ill. App. 3d 396, 409 N.E.2d 89.) And, summary judgment should be allowed only if the right of the moving party is clear and free from doubt. (*Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 436 N.E.2d 598.) In determining the existence of a genuine issue of fact, a

court must consider the pleadings, depositions, admissions, exhibits, and affidavits on file in the case and construe them strictly against the movant and liberally in favor of the opponent. (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 415 N.E.2d 397.) A summary judgment opponent may rely upon reasonable inferences drawn from materials considered on the motion. *McCarthy v. Johnson* (1983), 122 Ill. App. 3d 104, 460 N.E.2d 762.

■ Relying on these well-settled rules regarding summary judgments, it is apparent that the pleadings and other items preclude entry of summary judgment. There is no doubt that plaintiff's counteraffidavits do raise an inference that Iverson may have been a driver involved in the accident. All Iverson's affidavit does is to assert that she was not the driver. There is nothing in the record, *e.g.,* a police report of her lost wallet, to indicate that her claim is other than selfserving. In any event, where affidavits in support of, and in opposition to, a motion for summary judgment indicate on their face that disputed questions of fact exist, entry of summary judgment is improper. (*Saxmann v. Allen* (1951), 410 Ill. 31, 101 N.E.2d 69.) Plaintiff's counteraffidavits contradict Iverson's assertions.

■■ ■ We note here that Iverson's hearsay objections to Kranc's and Sergeant Winterberg's statements regarding her identity were not raised in the trial court and are thus waived on appeal. (*People v. Davis* (1970), 126 Ill. App. 2d 114, 261 N.E.2d 428.) Even without considering the papers filed regarding when Iverson applied for a replacement license, the record adequately indicates that there is a material issue of fact. Plaintiff filed his complaint in December 1984 and Iverson answered in January 1985, making no mention of the fact that she was not involved in the accident and acknowledging that an Illinois State police officer investigated the accident. She did not indicate that she had lost her license and was not involved until August 1985.

■■ ■ The police officer's testimony regarding his usual investigative conduct and that he acted in accordance in this case is relevant and admissible, although not conclusive as to the issue (here, identity). (See *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253.) Iverson's eight-month silence regarding her nonpresence and lost license may be considered evidence, since admissions against one's interest may be implied from conduct and such admissions may be implied from mere silence if there is an opportunity to speak out or if circumstances properly and naturally call for action or reply. *Casey v. Burns* (1955), 7 Ill. App. 2d 316, 129 N.E.2d 440.

This court does not conclude that Iverson's affidavit is false or that she drove an automobile involved in the accident. We do conclude that the record shows that it is not clear who was driving the car, Iverson or another person. Because there is a triable issue of fact regarding her identity, we must reverse and remand the cause for further proceedings.

Reversed and remanded.

LORENZ, P.J., and *SULLIVAN, J., concur.

---

*This opinion was concurred in by Justice John J. Sullivan prior to his retirement.