SHIRLEY M. WEST, Plaintiff-Appellant, v. NORTHEASTERN ILLINOIS RAILROAD CORPORATION, Defendant-Appellee.

First District (1st Division)   No. 1—88—0856

Opinion filed February 27, 1989.

Walter M. Ketchum, Ltd., of Chicago (Paul E. Peldyak, of counsel), for appellant.

JoAnn C. Pelka, of Northeast Illinois Regional Commuter Railroad Corporation, of Chicago, for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

Plaintiff, Shirley West, sued the defendant, Northeast Illinois Regional Commuter Railroad Corporation,[1] alleging that it was negligent in operating and maintaining its train station, and that as a result of defendant's negligence, she was injured. The circuit court dismissed plaintiff's claim for failure to comply with the one-year notice provision set forth in the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8—102). Plaintiff now appeals the dismissal of her action to this court.

The lengthy procedural history of this case is as follows. Plaintiff was allegedly injured on September 28, 1982, as she was walking in the Rock Island train station. On May 17, 1984, plaintiff filed a complaint at law, naming as defendants the Northeastern Illinois Railroad Corporation, or the Rock Island Railroad Corporation, or the Northern Illinois Rail Corporation. On July 6, 1984, defendant Northeast Illinois Regional Commuter Railroad Corporation (NIRC) filed a motion to dismiss based on plaintiff's failure to serve it with notice of her personal injury, as required by the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1983, ch. 85, par. 8—102). This act provides, in part:

> "Within 1 year from the date that the injury or cause of action *** was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity *** must serve *** a written notice on [that entity's] Secretary or Clerk ***." (Ill. Rev.

---

[1]Defendant's correct name is the Northeast Illinois Regional Commuter Railroad Corporation. However, when plaintiff initially filed this lawsuit, she mistakenly believed that defendant's name was either the Northeastern Illinois Railroad Corporation or the Northern Illinois Rail Corporation. Accordingly, the title of this case does not refer to defendant by its correct name.

Stat. 1983, ch. 85, par. 8—102.)[2]

If a party fails to comply with the foregoing notice provision, that party's cause of action is dismissed and he is barred from further suit. Ill. Rev. Stat. 1983, ch. 85, par. 8—103.

Defendant's motion to dismiss stated that it was a public corporation, that plaintiff failed to serve the requisite notice within one year of the personal injury, and that plaintiff's lawsuit was filed more than one year after the date of her injury. Defendant's motion to dismiss also said that its true and correct name was the Northeast Illinois Regional Commuter Railroad Corporation, not the Northeastern Illinois Railroad Corporation. Along with its motion to dismiss, defendant filed the affidavit of its secretary, Edmund Wolf. In his affidavit, Mr. Wolf said that he was responsible for receiving notice of personal injury pursuant to the Tort Immunity Act and he had never received any notice of personal injury from plaintiff or her agent relative to the alleged occurrence on September 28, 1982.

The circuit court of Cook County granted defendant's motion to dismiss on August 9, 1984, following which plaintiff filed a motion to vacate the dismissal. The circuit court subsequently granted the motion to vacate and reinstated the case.

Plaintiff then served interrogatories on defendant NIRC. In its answers to plaintiff's interrogatories, NIRC said that its correct name was Northeast Illinois Regional Commuter Railroad Corporation and that it had been formed in 1980 by the Regional Transportation Authority. NIRC said that it has also done business since 1982 under the name the "Northeast Illinois Railroad Corporation." Thereafter, in lieu of an answer, NIRC again filed a motion to dismiss based on plaintiff's failure to comply with the Tort Immunity Act's notice provision. The circuit court held a hearing on NIRC's motion to dismiss. The court did not rule on NIRC's motion, but instead granted plaintiff leave to amend her complaint.

Accordingly, plaintiff filed an amended two-count complaint at law for personal injury. She alleged in count I that NIRC had a duty to maintain the railroad station where she was injured, that it

---

[2]Effective November 25, 1986, this act was amended to eliminate the one-year notice requirement and, instead, the statute now provides that a civil action against a local public entity must be commenced within one year from the date of injury. (Ill. Rev. Stat. 1987, ch. 85, par. 8—101.) The former statute, which was in effect at the time of this lawsuit, provided that a party had two years from the date of the injury to commence a civil action, as long as the party had served the defendant with notice of the injury within one year of the date of injury. Ill. Rev. Stat. 1983, ch. 85, pars. 8—101, 8—102.

breached that duty due to its negligence, and that she was injured as a direct result of that breach.[3] Plaintiff alleged that NIRC held itself out to the public and to plaintiff as the Northeastern Illinois Railroad Corporation and the Northern Illinois Rail Corporation. Plaintiff also asked that the Tort Immunity Act's one-year notice requirement be waived and that NIRC be estopped from asserting the notice requirement as an affirmative defense.

Along with her amended complaint, plaintiff filed her own affidavit. In her affidavit, plaintiff said that she did not know until 1984 that the Rock Island Railroad Corporation did not own or operate the railroad station where she was injured. She said that she never saw any sign or ticket or other document indicating that she was on anything but the Rock Island Railroad. Further, plaintiff said that she received a letter in 1984 from the Northeast Illinois Railroad Corporation which led her to believe it was involved with her accident in 1982 and that this letter did not indicate that NIRC was a public entity. Finally, plaintiff said that she did not know or have reason to know until 1984 that the railroad was operated by a public entity.

NIRC then filed an answer to plaintiff's amended complaint. NIRC denied that the notice provision should be waived in this case or that it was estopped from asserting the provision. NIRC again raised the affirmative defense of failure to serve notice within one year of injury as required by the Tort Immunity Act. Ill. Rev. Stat. 1983, ch. 85, par. 8—102.

After filing its answer, NIRC filed another motion to dismiss, basing its motion once again on plaintiff's failure to serve it with notice of injury. Plaintiff filed a response to NIRC's motion, and NIRC then filed a reply brief addressing plaintiff's response. NIRC also attached three affidavits to its reply brief. Two affidavits were from claims specialists employed by NIRC since 1982. One claims specialist, John Gasinski, said that he spoke with plaintiff on the telephone at least one month prior to the expiration of the one-year notice period and identified himself as a claims agent for the "Northeast Illinois Regional Commuter Railroad Corporation" and also gave plaintiff NIRC's telephone number. The other claims specialist, Gus Liebig, said that he telephoned plaintiff in October 1982, one month after her alleged accident, and identified himself as a claims agent for the Northeast Illinois Regional Commuter Railroad

---

[3]Count II will not be discussed in this opinion since it was directed against the Rock Island Railroad Corporation and thus is not relevant to this appeal.

Corporation and gave plaintiff NIRC's telephone number.

Ronald Ward's affidavit said that he was the director of ticket services for NIRC and that he had personally inspected the records of all tickets issued in 1982, particularly those tickets issued during the week of plaintiff's alleged injury. He said that all tickets "issued, printed, distributed, and/or sold on all Rock Island District Commuter trains, on which plaintiff alleged she was a passenger," were printed, distributed and sold solely by NIRC. Further, all tickets displayed the NIRC logo or name or both the logo and name on the front of the ticket.

A hearing on NIRC's motion to dismiss was held on February 11, 1988. The circuit court granted NIRC's motion, as a motion for summary judgment, and dismissed NIRC as a defendant in the case. Plaintiff subsequently filed her appeal of the summary judgment in favor of NIRC to this court, and also requested this court to allow her to supplement the record with pages from the 1982, 1983 and 1984 Chicago white pages directory, and with information from the Illinois Secretary of State, none of which was before the trial court. We denied plaintiff's request to supplement the record.[4]

On appeal, plaintiff contends that summary judgment was erroneously entered in favor of NIRC. Plaintiff alleges that material questions of fact remain concerning whether NIRC should have been equitably estopped from raising statutory notice as an affirmative defense and whether NIRC waived its right to raise the affirmative defense.

■ The purpose of summary judgment is to determine whether a question of fact exists, not to try a question of fact. (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 294, 529 N.E.2d 522, 555;

---

[4]On appeal, NIRC moved to strike those portions of plaintiff's brief which referred to documents contained in the supplemental record, since this court had denied plaintiff's request to supplement the record. Plaintiff responded that NIRC's request to strike should be denied because NIRC did not file a separate motion with this court, but instead made the motion only in its brief on appeal. We need not, however, nor do we, decide here whether NIRC's motion to strike should be denied on the grounds that it was not filed as a separate motion. Here, plaintiff never offered the disputed documents to the trial court, nor did she offer any reason why the documents were never presented, and the law in Illinois is that a party cannot raise for the first time on appeal an issue not presented to or considered by the trial court. (*Reed v. Bascon* (1988), 124 Ill. 2d 386, 394, 530 N.E.2d 417, 421; *Peters & Fulk Realtors, Inc. v. Shah* (1986), 140 Ill. App. 3d 301, 307, 488 N.E.2d 635, 639.) Thus, even absent defendant's motion, we would not consider these documents in deciding this case on appeal. Since we do not consider these portions of plaintiff's brief in our discussion, it is unnecessary to decide this issue.

*Bunch v. Williams* (1988), 175 Ill. App. 3d 582, 585, 529 N.E.2d 1123, 1125.) A court will grant a motion for summary judgment only if the pleadings, depositions, affidavits, and admissions on file, viewed strictly against the movant, show that there is no genuine issue of material fact and the movant is entitled to summary judgment as a matter of law. (*Addison*, 124 Ill. 2d at 294, 529 N.E.2d at 555; *Wald v. Chicago Shippers Association* (1988), 175 Ill. App. 3d 607, 623, 529 N.E.2d 1138, 1149.) On appeal, a reviewing court will reverse an order granting summary judgment only if it determines that there is a genuine issue of material fact. *Addison*, 124 Ill. 2d at 294, 529 N.E.2d at 555.

In this case, plaintiff first claims that a genuine issue of material fact exists concerning whether defendant should have been equitably estopped from raising as an affirmative defense the fact that plaintiff failed to serve it with notice of her injury. Specifically, plaintiff argues that defendant concealed a material fact, *i.e.*, its true name; she could not readily ascertain defendant's true name because it was "entirely different from" its correct name; and she relied to her detriment on defendant's misrepresentations regarding its true name.

Conversely, defendant argues that summary judgment in its favor should be affirmed. Defendant contends that plaintiff waived any issue concerning its two names because she never raised the issue in the trial court and, in her pleadings, plaintiff never said that she relied upon the wrong name or was misled by defendant. In addition, defendant claims that it would be prejudiced if this court reviewed the issue of the two names for the first time on appeal. Finally, defendant argues that plaintiff's affidavit actually contradicts her theory of estoppel because, in her affidavit, plaintiff asserted that she did not even learn that defendant used two names until after the notice period had expired.

In support of her estoppel argument, plaintiff cites a Second District Illinois Appellate Court case, *Kievman v. Edward Hospital* (1985), 135 Ill. App. 3d 442, 481 N.E.2d 909. In *Kievman*, the second district held that the defendant, a hospital which was owned and operated by a municipal corporation, was estopped from raising the fact that the plaintiff did not give statutory notice as an affirmative defense, because the court there found that the defendant had deliberately concealed its status as a municipal corporation and thus misled the plaintiff. (*Kievman*, 135 Ill. App. 3d at 447, 481 N.E.2d at 913.) The court specifically found that the defendant knew that "its identification policy [had] previously caused confusion on the

part of parties seeking to bring an action against it" and had raised this same defense under similar circumstances in another case. (*Kievman*, 135 Ill. App. 3d at 446, 481 N.E.2d at 912.) Plaintiff here argues that there is a material question of fact in this case because NIRC, like the defendant in *Kievman*, concealed its true and correct name in order to hinder plaintiff's attempt to bring an action against it.

■ We disagree. Although it is true that a local public entity may be estopped in certain cases from raising the Tort Immunity Act's notice period as a defense (*Shortt v. City of Chicago* (1987), 160 Ill. App. 3d 933, 936, 514 N.E.2d 3, 5), we find that plaintiff here has failed to provide any facts in support of her estoppel claim. In order to successfully raise an estoppel claim, a party must prove by clear and unequivocal evidence that he relied on the other party's acts or representations and that he had no knowledge or convenient means of discovering the true facts. (*Wald*, 175 Ill. App. 3d at 622, 529 N.E.2d at 1148.) In the present case, plaintiff failed to allege or offer any evidence that she relied on any alleged misrepresentations by the defendant or that she had no convenient means of discovering the true facts.

Plaintiff merely contends that the misrepresentation here is that NIRC concealed its full name from her and concealed the fact that it was a public corporation. However, plaintiff never alleged or offered any facts to show that her failure to file notice of her injury was due to her reliance on NIRC's alleged misrepresentations, nor did she allege any facts to show that NIRC had in any way misled her regarding its true name or its identity as a public entity. In fact, from the time plaintiff filed her lawsuit, defendant admitted its true name and admitted that it was a public corporation.

■ Further, plaintiff did not provide any facts to show that she had previously attempted to ascertain defendant's true name and whether it was a public corporation, or that she had no convenient means of discovering these facts. Finally, plaintiff admitted in her affidavit that she did not learn until 1984 that NIRC, rather than the Rock Island Railroad Corporation, owned the railroad station where she was allegedly injured, but she did not allege that this was due to any misrepresentations or actions on defendant's part. Although a plaintiff is not required to prove her case at summary judgment, she must present some factual basis which would arguably entitle her to judgment. *Langer v. Becker* (1988), 176 Ill. App. 3d 745, 749, 531 N.E.2d 830, 832.

Accordingly, plaintiff has failed to raise a genuine issue of mate-

rial fact concerning whether defendant should have been equitably estopped from raising its affirmative defense. Even viewing the pleadings, depositions, affidavits and admissions on file strictly against defendant NIRC, as we must (*Addison*, 124 Ill. 2d at 294, 529 N.E.2d at 555; *Bunch*, 175 Ill. App. 3d at 585-86, 529 N.E.2d at 1125), it is clear that the trial court correctly ruled that NIRC was entitled to summary judgment in its favor as a matter of law.

Plaintiff's second issue on appeal is that summary judgment was erroneously granted in favor of defendant because defendant waived the affirmative defense of failure to serve it with notice. Plaintiff claims that there is an issue of material fact concerning this waiver because one of defendant's employees sent her a letter dated March 26, 1984, regarding settlement of her claim. Plaintiff claims that by continuing to negotiate, defendant waived its right to raise the defense of failure to serve it with notice. Defendant, on the other hand, contends that it is plaintiff who waived her right to raise this issue because she never raised it in the trial court and because defendant would now be prejudiced if this court considered the issue.

■ We find plaintiff's argument regarding waiver to be without merit. In this case, the alleged negotiation consisted of only one letter, dated March 1984, which was after the statutory notice period had expired. In *Shortt v. City of Chicago* (1987), 160 Ill. App. 3d 933, 514 N.E.2d 3, this court held that negotiation occurring after the Tort Immunity Act's notice period had expired did not prevent a public defendant from raising the plaintiff's failure to serve it with notice of injury as an affirmative defense. (*Shortt*, 160 Ill. App. 3d at 936, 514 N.E.2d at 5.) The plaintiff in *Shortt* argued that the defendants should be estopped from raising a statutory notice defense because defendants had engaged in extensive discovery and negotiation with the plaintiff for five years. (*Shortt*, 160 Ill. App. 3d at 936, 514 N.E.2d at 5.) This court disagreed, finding that the negotiation took place after the statutory notice period had expired and that, therefore, the plaintiff could not have relied on the negotiations when she failed to serve the defendant with notice. (*Shortt*, 160 Ill. App. 3d at 936, 514 N.E.2d at 5.) The court also held that the defendant had not waived the notice requirement, even by filing a general appearance, because the plaintiff did not file her lawsuit until the notice period had expired. *Shortt*, 160 Ill. App. 3d at 936, 514 N.E.2d at 5.

Likewise in this case, the notice period expired on September 28, 1983, and this alleged negotiation took place in March 1984. Ac-

cordingly, similar to *Shortt*, plaintiff cannot claim that she relied on this letter when she failed to file notice of the injury by September 28, 1983, or that NIRC waived its right to notice of her injury by sending the letter. We find that plaintiff has also failed to show that there was a genuine issue of material fact concerning the waiver. Hence, the trial court correctly granted summary judgment in favor of defendant on this issue as well.

For all of the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MANNING, P.J., and O'CONNOR, J., concur.