SECOND DIVISION

June 28, 2002

No. 1-01-0302

MANUEL MEDRANO, ) Appeal from the

) Circuit Court of

Plaintiff, ) Cook County.

)

v. )

)

PRODUCTION ENGINEERING COMPANY, et al., )

) 

Defendants. ) No. 95 L 3806-H

_______________________________________________ ) 

PRODUCTION ENGINEERING COMPANY, )

)

Defendant/Third-Party Plaintiff/Appellant, )

)

v. )

)

CAM FRAN TOOL COMPANY, ) The Honorable

) Paddy McNamara,

Third-Party Defendant/Appellee. ) Judge Presiding.

JUSTICE GORDON delivered the opinion of the court:

Production Engineering Company (Production) appeals from the denial of its motion for summary judgment and the grant of summary judgment in favor of Cam Fran Tool Company (Cam Fran).  Production contends that the trial court erred in its determination of the triggering date of the limitations period involved in this indemnity action and in its determination that Cam Fran had not waived the limitations defense.  Production asks that we reverse the trial court's entry of summary judgment for Cam Fran and denial of Production's motion, enter summary judgment for Production and deny Cam Fran's motion, and remand the cause to address damages.  For the following reasons, we affirm.

BACKGROUND

In 1979, Production and Cam Fran entered into a contract in which Production would sell, and Cam Fran would buy, a punch press machine.  Part of this contract included Form PE-77, which stated Cam Fran was to indemnify Production for "any claims, damages, losses, costs and expenses *** including but not limited to attorney's fees, [and] court costs *** arising out of or resulting from" work performed under the contract.  Form PE-77 also made clear that "any legal action taken to enforce any of the provisions of this contract must be commenced within one (1) year after such cause of action arises."

In 1994, Manuel Medrano (Medrano), an employee of Cam Fran, was injured while operating the punch press machine.  In February 1995, Medrano filed a complaint naming Production as a party defendant.  On July 10, 1995, Production was served with Medrano's complaint.  Soon after, in October 1995, Production filed its answer and appearance in the cause.  

On April 15, 1997, Production filed a third-party complaint against Cam Fran seeking   indemnification for all costs it expended in relation to Medrano's underlying action.  Cam Fran answered, denying all liability but failing to include the affirmative defense of the one-year limitations period found in Form PE-77 of the sales contract.  

Production filed a motion for summary judgment against Medrano, which was granted in May 2000.  However, that order was not final and appealable.  Production then filed a motion for summary judgment against Cam Fran.  Cam Fran responded by filing a cross-motion for summary judgment, arguing that because the contract set a one-year limitations period for indemnification purposes, and because that period began to run no later than October 1995 when Production answered Medrano's complaint, Production's April 15, 1997, claim against Cam Fran for indemnification was time-barred.  Production responded that Cam Fran had waived the limitations defense because it had not raised it in its August 1999 answer to Production's complaint but instead waited until its cross-motion to argue it.  Production also insisted that even if this defense was not waived, Production's indemnification claim arose not in October 1995, but in May 2000, when it received summary judgment against Medrano.  Cam Fran presented arguments to refute these contentions and asked the trial court for leave to file an amended answer which would include the limitations defense.  Cam Fran submitted this proposed amended answer to the trial court in the form of a footnote in its reply in support of its cross-motion for summary judgment.  

Meanwhile, the underlying cause of action was settled on October 5, 2000.  The trial court allowed Production and Cam Fran to file briefs on the indemnity issue and held a hearing on their motions.  On December 20, 2000, the trial court issued a written order.  In it, the court found that Form PE-77 of the sales contract established a one-year limitations period for Production's indemnification claim.  Then, relying on 
Guzman v. Epperson Construction, Inc.
, 196 Ill. 2d 391 (2001), the court found that this claim arose on July 10, 1995, the date Production was served with Medrano's complaint in the underlying action.  Because Production waited until April 15, 1997, to file its indemnity claim against Cam Fran, that claim was time-barred.  Therefore, the court denied Production's motion for summary judgment and instead granted summary judgment for Cam Fran on its cross-motion.

As for Cam Fran's motion for leave to file its amended complaint, the trial court did not address it in the written order.  Cam Fran pointed this out to the court.  Production objected, but did so only on the ground that Cam Fran had not raised the limitations defense before.  In response, the court held that Cam Fran's amended answer "should be a part of the record."

ANALYSIS

Production appeals from the trial court's denial of its motion for summary judgment.  "The purpose of summary judgment is to determine whether a question of fact exists."  
West v. Northeastern Illinois Railroad Corp.
, 180 Ill. App. 3d 307, 311 (1989); see also 
Addison v. Whittenberg
, 124 Ill. 2d 287, 294 (1988).  Therefore, summary judgment is proper only when the pleadings, depositions and admissions on record, together with any affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See 
Purtill v. Hess
, 111 Ill. 2d 229, 240-44 (1986).  Accordingly, appellate review of a trial court's grant of summary judgment is 
de novo
 (see 
In re Estate of Rennick
, 181 Ill. 2d 395, 401 (1998); 
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102 (1992)
), and reversal will occur only if we find that a genuine issue of material fact exists (see
 
Addison
, 124 Ill. 2d at 294).

A.  The Triggering Date of the Limitations Period

Production's first contention on appeal is that the trial court erred in finding that the limitations period on its indemnity claim against Cam Fran began to run on July 10, 1995, the date Production was served with Medrano's complaint.
(footnote: 1)  Instead, Production, relying heavily on 
Kerschner v. Weiss & Co.
, 282 Ill. App. 3d 497 (1996), claims that the statute of limitations was not triggered until May 10, 2000 (when Production received summary judgment in the underlying action), or perhaps October 5, 2000 (when the underlying action was settled and dismissed).  We disagree.

It is undisputed that Production and Cam Fran entered into a valid contract for the sale of the punch press machine, a contract which included an indemnity provision and a one-year limitations period.  That is, both parties agreed in Form PE-77 that Production would have one year from the date a legal cause of action arose to institute an indemnity claim against Cam Fran.  The parties chose to shorten the general statute of limitations applicable to these cases, which would have allowed for a longer period.  See 735 ILCS 5/13-214 (West 2000).  Even were Production to now challenge this change, it is well-established that parties to a contract may agree upon a shortened contractual limitations period to replace a statute of limitations, as long as it is reasonable.  See 
Florsheim v. Travelers Indemnity Co. of Illinois
, 75 Ill. App. 3d 298, 303 (1979).  Neither party here contests the reasonableness of Form PE-77.

Nor does either party contest that Production was served with Medrano's complaint, the underlying action, on July 10, 1995.  Therefore, the question at issue is when exactly was the trigger date for the contractual one-year limitations period.

Production cites 
Kerschner
 for the proposition that its indemnity claim did not arise until the underlying action was decided, 
i.e.
, on either May 10, 2000, or October 5, 2000.  Thus, its April 15, 1997, claim for indemnity was not time-barred by the contract's one-year limitations period. 

In 
Kerschner
, several partners in an accounting firm retained an attorney to provide professional advice and services to help them leave their firm and create a new one.  In the underlying action, the partners sued their former firm, demanding that the firm surrender certain client files.  The former firm then filed a separate action against the partners.  The partners brought a third-party complaint against the attorney for negligence in relation to his professional advice.  The trial court awarded summary judgment to the attorney.

On appeal, the main issue was whether the partners could maintain this third-party action against the attorney for implied indemnity.  See 
Kerschner
, 282 Ill. App. 3d at 501-02.  After review of third-party actions and the elements necessary to allege a claim for implied indemnity, the court found that these claims do not accrue until a settlement or judgment is entered in the underlying action.  See 
Kerschner
, 282 Ill. App. 3d at 506.  Therefore, concluded the court, one entitled to bring an implied indemnity claim may file it either as part of the original action or as a separate cause once the underlying action is resolved.  See 
Kerschner
, 282 Ill. App. 3d at 506.   

While Production correctly cites 
Kerschner
, more on point, both factually and legally, is the recent Illinois Supreme Court case of 
Guzman
, relied upon by the trial court in the instant case and cited by Cam Fran.  In 
Guzman
, homeowners brought a breach of contract claim in 1992 against C.R. Epperson Construction, Inc. (Epperson), the general contractor who built their home.  The homeowners voluntarily dismissed their action, but refiled a new cause in 1996.  Epperson, in turn, filed third-party claims in 1996 against several subcontractors and amended these claims in 1997 to include express and implied indemnity.  The subcontractors, however, moved for summary judgment based on letters Epperson had sent to each of them, detailing how Epperson had known about the defects alleged by the homeowners since 1990.  Because the applicable statute of limitations for such actions was four years,
(footnote: 2) the subcontractors noted that Epperson's indemnity claims had expired in 1994 and were time-barred when Epperson filed them in 1996.  Epperson countered that the statute of limitations had not begun to run until 1996, when the homeowners refiled suit against it, or at the earliest 1992, when the homeowners had originally filed suit before the voluntary dismissal.  This, Epperson claimed, was when it first suffered an injury meriting indemnity from the subcontractors.    

The trial court granted summary judgment for the subcontractors, holding that the letters showed that Epperson knew about the allegations in 1990, that the four-year statute of limitations began to run at that time, and that, because Epperson did not file its third-party indemnity actions until 1996, they were time-barred.  See 
Guzman
, 196 Ill. 2d at 395-96.  However, the appellate court reversed, finding section 13-214's four-year statutory period inapplicable and instead following 735 ILCS 5/13-204 (West 1996), which allows a party to file an indemnity action two years after service of the underlying action or two years from the time it knew/should have known of the act giving rise to the indemnity, whichever is later.  See 
Guzman
, 196 Ill. 2d at 396-97.

Our supreme court then analyzed this case, vacating the decision of the appellate court and reversing the decision of the trial court.  See 
Guzman
, 196 Ill. 2d at 403.  First, the supreme court concluded, contrary to the appellate court, that section 13-214's four-year statute of limitations did apply.  See 
Guzman
, 196 Ill. 2d at 397.  Therefore, the main issue then became when the four-year period had been triggered:  when the third-party plaintiff becomes aware of potential liability (the date of filing or service of the underlying complaint–1992) as Epperson claimed, or when the third-party plaintiff knows of the defects in the construction (1990) as the subcontractors claimed.  See 
Guzman
, 196 Ill. 2d at 398-99.  Tracking the debate among lower courts on this issue, the supreme court firmly declared that "the better reasoning *** [is] that the statute of limitations in such cases begins to run on the date the third-party plaintiff is served with the underlying action."  
Guzman
, 196 Ill. 2d at 400-01.

From all this, it is clear that 
Guzman
 is more similar to the instant case than 
Kerschner
 and should be followed.  While 
Guzman
 has not explicitly overruled 
Kerschner
, we note that 
Guzman
 comes from our state supreme court, some six years after our district decided 
Kerschner
.  Moreover, the issue in 
Kerschner
 was quite different than that in the instant case.  
Kerschner
 generally asked whether a third-party implied indemnity action may be maintained in that particular fact situation.  
Guzman
, meanwhile, presented the supreme court with the same specific issue the instant case does: on what date is the limitations period for a third-party indemnity action triggered?
  Also,  Production's arguments regarding the proper time for filing match Epperson's, which the supreme court found unpersuasive–much as Epperson claimed that its indemnity action did not arise until it suffered an injury when the homeowners filed their complaint or voluntarily dismissed it, Production insists it could not have sued Cam Fran until Production paid attorney fees and/or Medrano's underlying claim was resolved.  Furthermore, the instant case deals with a claim of express indemnity, originating from a specific contractual provision between Production and Cam Fran.  
Kerschner
 concerned only the special situation of implied indemnity, while 
Guzman
 involved claims for both express and implied indemnity.  The supreme court noted that its decision–
i.e.
, that a limitations period for a third-party action begins to run on the date of service of the underlying complaint–applied to all third-party actions, including ones based on express indemnity. 

The parties here expressly agreed in Form PE-77 that Cam Fran would indemnify Production for costs Production would incur from the work done, as long as Production commenced this legal action within one year from when the cause of action for indemnity arose.  Pursuant to our supreme court's holding in 
Guzman
, the trigger date for this limitations period was July 10, 1995, the day when Production was served with Medrano's complaint.  At that moment, Production knew that specific allegations were being brought against it arising from the punch press machine it had sold to Cam Fran.  Production, then, was required to file its indemnity claim against Cam Fran within one year–July 10, 1996.  However, Production chose to wait some 21 months, and instead filed the claim on April 15, 1997.  This is unacceptable under 
Guzman
.  Therefore, because we find no genuine issue of material fact as to when Production was required to file its indemnity claim, we conclude that the trial court properly granted summary judgment in favor of Cam Fran, since Production's claim was time-barred.

B.  Waiver of the Limitations Defense

Production next contends on appeal that the trial court erred in finding that Cam Fran did not waive its one-year limitations period defense by first raising it in its cross-motion for summary judgment.  Production argues that Cam Fran, in order to successfully argue this affirmative defense, needed to raise it in its answer to Production's third-party indemnity complaint.  Production also asserts that while it may have been acceptable for Cam Fran to wait until its summary judgment motion, Cam Fran failed to present the defense in a proper procedural manner.  Even were we to bypass our conclusion above that already resolves this case (
that Production's indemnity claim against Cam Fran was time-barred), and instead choose to address the merits of the present argument, we disagree with Production.

As noted, Production filed its indemnity claim against Cam Fran in April 1997. Cam Fran filed its answer in August 1999.  In this answer, Cam Fran denied liability, but failed to assert the one-year limitations period found in its contract with Production as an affirmative defense.  The case progressed and Production moved for summary judgment.  Cam Fran responded with its own cross-motion for summary judgment in October 2000.  At this time, it first asserted the limitations period as an affirmative defense and asked the trial court for leave to file an amended answer, a proposal of which it included in a footnote in its reply in support of its cross-motion for summary judgment.  After the trial court granted Cam Fran's motion for summary judgment, Cam Fran pointed out that the court failed to address its motion for leave to amend.  The court held that Cam Fran's amended answer "should be a part of the record."

We acknowledge Production's argument that defenses such as the statute of limitations, or as in this case a contractual limitations period, are to be set out completely and plainly in a party's answer to a complaint.  See 735 ILCS 5/2-613(d) (West 1998); 
Rognant v. Palacios
, 224 Ill. App. 3d 418, 422 (1991).  However, Illinois law has made clear that the failure to do this will not automatically result in waiver of that affirmative defense.  See 
Rognant
, 224 Ill. App. 3d at 422; see also 
Horwitz v. Bankers Life & Casualty Co.
, 319 Ill. App. 3d 390, 399 (2001) (citing 
Rognant
 for this same proposition).

In fact, several cases have addressed the same situation now presented to us, in which a party first asserts a limitations period defense in its motion for summary judgment instead of in its answer.  Those cases have found that the requirement that this affirmative defense be set forth in an answer "does not place a restriction on motions for summary judgment."  
Salazar v. State Farm Mutual Automobile Insurance Co.
, 191 Ill. App. 3d 871, 876 (1989).  Instead, because a party may file a motion for summary judgment at any time, even before filing an answer, the party may well assert a limitations period defense in its summary judgment motion even though it did not raise it first in an answer.  See 
Florsheim
, 75 Ill. App. 3d at 308-09; 
Horwitz
, 319 Ill. App. 3d at 399 (a defendant's assertion of affirmative defenses in motion for summary judgment, after failure to include them in answer, does not result in waiver);
 
Ciers v. O.L. Schmidt Barge Lines, Inc.
, 285 Ill. App. 3d 1046, 1051 (1996) (affirmative defense of limitations period may be raised even on eve of trial, without waiver concerns); 
Salazar
, 191 Ill. App. 3d at 876 (affirmative defense raised in summary judgment motion is timely and applicable to case, even if not raised at all in answer).

Therefore, although Cam Fran first raised the one-year limitations period as an affirmative  defense in it cross-motion for summary judgment rather than in its August 1999 answer to Production's indemnity complaint, Cam Fran did not waive this defense.  Rather, based on the authority cited above, we find that the trial court properly considered this defense.

Production asserts that even if Cam Fran did not waive this defense by failing to include it in its answer, the trial court erred in considering it because Cam Fran never filed an amended answer, has yet to do so, and presented this defense in an inappropriate manner–in a footnote in its reply in support of its cross-motion for summary judgment.  We disagree.  First, we note that Production has waived this argument.  When Production objected to Cam Fran's insistence that the trial court address the amendment, it did so only on substantive grounds, never on the ground that the proposed amendment was procedurally improper (was not a separate document, had no affidavits attached, etc.)  See 
People ex rel. Foreman v. Village of Round Lake Park
, 171 Ill. App. 3d 443, 449 (1988)
.  

Despite waiver, the record does indicate that Cam Fran, upon asking the trial court for leave to amend its answer, presented the court with the limitations period defense not as a separate document, but rather as a footnote to its written reply.  Also, at oral argument in this case, Cam Fran admitted that it has yet to officially file an affirmative defense to include the limitations period.  However, contrary to Production's contentions, this is not fatal to Cam Fran.

A trial court may allow a party to amend its answer and add new defenses at any time before final judgment is entered in the cause.  See 735 ILCS 5/2-616(a) (West 1998); 
Ocasek v. City of Chicago
, 275 Ill. App. 3d 628, 637 (1995).  Our courts have come to construe this liberally, and though they may disapprove of late amendments, especially when the pleader knew early on about a matter or failed to provide a reason for the delay, they generally allow for amendment even in situations of doubt, as long as the opposing party is not prejudiced or surprised.  See 
Foreman
, 171 Ill. App. 3d at 447-48.  Ultimately, the decision of whether to allow an amendment, as well as the key determination of whether prejudice will be suffered, lies with the trial court and will not be reversed upon review absent abuse of discretion.  See 
Ocasek
, 275 Ill. App. 3d at 637.  

Here, it can easily be said that Cam Fran knew of the one-year contractual limitations period and that it would come into play the moment Production filed the indemnity claim against it.  The record indicates that Cam Fran neglected to include the period as a defense in its answer, and upon realizing this, sought leave to amend.  However, the record also shows that Production suffered little, if any prejudice.  First, Production certainly could not claim surprise at Cam Fran's raising of the limitations defense; Production wrote the contract for sale between the parties, including Form PE-77 which contained the limitations provision.  It knew, just as Cam Fran did, that any cause of action for indemnity would focus on this contract and, more likely than not, on the contents of Form PE-77.  In conjunction with this, Production could not contend that it did not have time to respond to this "new" defense.  See 
Horwitz
, 319 Ill. App. 3d at 399 (ample time to respond to amended affirmative defense helps to negate any prejudice); 
Rognant
, 224 Ill. App. 3d at 422 (though party seeking to amend answer to include affirmative defense of statute of limitations waited almost three years after suit filed, opposing party did not suffer prejudice because had adequate time to respond to this defense).  In fact, once Cam Fran raised the defense, Production addressed it in its reply in support of its motion for summary judgment.  Even were this not so, several other factors exist to indicate a lack of prejudice.  The trial in the indemnity action had not yet begun here.  See 
Ocasek
, 275 Ill. App. 3d at 637 (amendment to include affirmative defense of statute of repose allowed, even though pleader was aware of it at time of filing and did not provide excuse for omission, since opposing party suffered little prejudice as trial had not started); 
Behr v. Club Med, Inc.
, 190 Ill. App. 3d 396, 407 (1989) (right to amend to include affirmative defense of statute of limitations upheld, in part because trial had yet to begin); 
Foreman
, 171 Ill. App. 3d at 448 (trial court's allowance of amendment to include statute of limitations defense did not prejudice opposing party because, though motion for summary judgment was pending, trial had not begun).  Moreover, since the dates at issue here (July 10, 1995, as the date Production was served with the underlying action; and April 15, 1997, as the date Production sued Cam Fran for indemnity), as well as the existence of the one-year limitations period, all remain uncontested, Production did not need to conduct any additional investigation to counter this defense.  See 
Behr
, 190 Ill. App. 3d at 407 (lack of requirement of further investigation in relation to amendment eases any resulting prejudice); 
Foreman
, 171 Ill. App. 3d at 448 (because relevant dates remained uncontested, and thus, newly-amended statute of limitations defense did not require either party to conduct further investigation, opposing party did not suffer prejudice).  Furthermore, Production fails to show how it would have disputed Cam Fran's affirmative defense even if Cam Fran had asserted it earlier in its answer; the facts simply remain the same.  See 
Carr v. Cook County Hospital
, 323 Ill. App. 3d 184, 188-89 (amendment to add affirmative defenses does not result in prejudice when "[f]urther discovery would not change the operative facts" of the cause at hand).  And while Cam Fran has yet to file the amendment, it is not as if Production is uncertain of what the amendment is and the language it contains, especially since the trial court made it part of the record.  See 
Pinkerton v. Oak Park Bank
, 16 Ill. App. 2d 91, 106 (1958).

Finally, "[i]t has been said that a test for whether a trial court's discretion has been properly exercised is whether the amendment furthers the ends of justice."  
Foreman
, 171 Ill. App. 3d at 449; see also 
Ocasek
, 275 Ill. App. 3d at 637 (court should look to whether the defense sought to be included would dispense with need for trial); 
Behr
, 190 Ill. App. 3d at 407 (prejudice, if any, is lessened when defense sought to be added, if upheld, "would eliminate the necessity and expense of a trial").  Although the trial court in the instant case failed to address, in its written order, Cam Fran's motion for leave to amend its answer to include the limitations period as an affirmative defense, it did so only because it had already decided to grant summary judgment to Cam Fran on other grounds (see Part A above).  As discussed, having granted summary judgment to Cam Fran, this eliminated the need for Cam Fran to file an amended answer at all.  See 
Florsheim
, 75 Ill. App. 3d at 308-09 (summary judgment may be granted before answer even filed).  Furthermore, when Cam Fran pointed out the omission for the record, the trial court did not hesitate to include Cam Fran's proposed amended answer as "part of the record," even though that answer took the form of a footnote in its reply in support of summary judgment and had never been officially filed.  Thus, had the court chosen to focus on grounds other than those it did, Cam Fran's amendment clearly would have eliminated the need and expense of a trial.

From all this, then, it is obvious that Production was not prejudiced by what occurred here.  And from the court's desire to include Cam Fran's amendment as "part of the record," it is clear that remanding this case to demand that Cam Fran follow certain procedural aspects of amending its answer is simply an unnecessary exercise.  Accordingly, we find no abuse of discretion on the part of the trial court below in including as part of the record, and considering, Cam Fran's proposed amended answer to add the contractual one-year limitations period as an affirmative defense in this case.

C.  735 ILCS 5/13-204

Production's final contention on appeal is that the trial court erred in relying on 735 ILCS 5/13-204(b) (West 2000) to decide this cause.  In its appellate brief, Production asserts section 204(c) makes clear that section 204(b) did not apply to this case, and thus, 
Guzman
 and the trial court's reliance on it is wholly inapplicable to the instant case.  Moreover, 
Production argues that if we hold section 204 does apply, that section then extends the statute of limitations in this case to two years from any trigger date fashioned by the court.  Cam Fran, in its brief, agrees that section 204 does not apply, but for other reasons; that is, the parties formed a contractual limitations period, and whereas section 204 deals with limitations periods created by statute when no contract exists, it has no relevance here.  Production then counters in its reply brief that Cam Fran's concession to the inapplicability of section 204 means that we are left with no trigger date imposed by statute and thus 
Kerschner
, requiring that judgment or settlement be entered before an indemnity claim may be filed, defines when the statute of limitations begins to run.  While we agree that section 204 does not apply to the instant case, we disagree with Production's proposed result.

Section 204 provides the statute of limitations our legislature has devised for indemnification claims.  Subsection (b) states what the statute of limitations is in instances where an underlying action has been filed (2 years), and describes the trigger date (when a party is served with the underlying action or when it knows/should have known of the act or omission giving rise to the indemnity claim, whichever is later).  Subsection (c) then clarifies that subsection (b) 

"shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose, but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action."  735 ILCS 5/13-204(c) (West 2000).  

From this, Production reasons that because Medrano was an employee of Cam Fran when he filed his underlying complaint and could not "timely sue" Cam Fran, subsection (b), under the conditions of subsection (c), does not apply here.  Production extends this argument to conclude that because of this, the trial court's "reliance on" subsection (b) in writing its order, as well as on 
Guzman
 which too cites subsection (b), was erroneous.  However, Production mischaracterizes several aspects of what occurred.  

First, and most significantly, Production fails to acknowledge a vital concept here: section 204 deals with the 
statute of limitations
 for indemnity actions–in essence, the law that governs when the parties involved make no other provision for when such an action will accrue, 
i.e.
, a default plan.  It is true that section 204 will "preempt" other statutes of limitation, but it does not apply here.  However, this is not because Medrano could not timely sue Cam Fran.  Rather, section 204 is inapplicable because the parties in the instant case formed and agreed upon a 
contractual
 limitations period, which, as long as it is reasonable
, does not allow them to fall back upon the default-statute of limitations.  See 
Florsheim
, 75 Ill. App. 3d at 303 ("contractual limitation requiring suit to be brought within a specific period of time is valid if reasonable even though the period provided by general statute of limitations as to suits on written contract is longer").  Production and Cam Fran, in Form PE-77, both agreed that Production could institute an indemnity action within only one year from when it arose, rather than the two-year period provided under section 204.  Production does not, nor ever has, presented an argument that this change shortening the statute of limitations was unreasonable.  Because the contract rules, section 204 does not apply.

Though we understand Production's claim of error, it is clear upon review of the trial court's written order that, contrary to Production's assertions, the court did not "rely on" subsection (b) in arriving at its decision that the limitations period in this case was one year.  The court did mention section 204(b), and in fact cited its language.  However, Production takes this out of context.  The court was reviewing Form PE-77 and found that its "plain terms" indicated that Production was required to commence the indemnity claim within one year of the underlying cause of action in order for it to be timely.  Then, in an attempt to legally support the conclusion that this period began to run when Production was served with Medrano's complaint, the court highlighted section 204(b)'s language, in bold letters, that no indemnity action may be commenced more than two years after the party "has been served with process in the underling action."  735 ILCS 5/13-204(b) (West 2000).  The court did this to point out that our legislature, in fashioning the default-statute of limitations provision, declared that the trigger date is the date of service and that this should not change in the instant case simply because a contract is involved.  There is no indication, as Production seems to indicate, that the trial court was using the actual statutory two-year period in making its decision.  To the contrary, the court, at various times, declared that the contract between Production and Cam Fran governed and its one-year limitations period was determinative.  

As for Production's contention that 
Guzman
 too was inapplicable, that fails on similar grounds.  Again, from the context of the trial court's order, it is clear that the court referred to 
Guzman
 because it was a very recent state supreme court case that analyzed trigger dates in third-party indemnity actions.  The 
Guzman
 court had to rely upon section 204's two-year statutory period because the parties in that case, unlike those here, never contracted to change it.  In other words, the statutory default came into play.  The trial court did not use 
Guzman
 for the proposition that section 204(b)'s two-year period governed Production and Cam Fran's situation.  Again, the main issue here was to find when the one-year contractual limitations period started, not whether the statutory two-year period preempted this contractual one.  The court referred to 
Guzman
, just as it had referred to section 204(b), to emphasize that a limitations period in an indemnity action, whatever it may be, begins to run when the underlying cause is filed and the party is served.  
Guzman
, thus, was quite on point with the instant case.

Therefore, we conclude that the trial court did not err in mentioning section 204 or 
Guzman
 in its written order.  It relied on these for their legal analysis, not their factual outcomes, and merely applied their analysis to the operative facts in the instant case.  We find no abuse of discretion.

CONCLUSION

For the foregoing reasons we affirm the holding of the trial court. 

Affirmed.

BURKE, P.J. and CAHILL, J., concur.

FOOTNOTES
1:
We note for the record that Production cites February 28, 1995 (the initial filing of Medrano's complaint), and October 11, 1995 (the filing of Production's answer to Medrano's complaint) in its appellate brief, and asserts that the trial court designated them, without any legal authority, as "alternative dates" on which the limitations period began to run.  However, it is clear from the trial court's written order that this is incorrect.  The court firmly designated only one date, July 10, 1995–the day Production was served with Medrano's complaint–as the date triggering the limitations period on the indemnity action.

2:
Unlike in the instant case, the parties in 
Guzman
 had not contracted for a shorter, or different, limitations period.  Therefore, the four-year statute of limitations set forth in 735 ILCS 5/13-214 (West 2000) governing construction and design controlled.